UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Valerie McDonald,

    Plaintiff

v.

Navy Federal Financial Group, LLC, and Experian Information Solutions, Inc.,

    Defendants

Case No.: 2:25-cv-01192-JAD-MDC

**Order Granting Plaintiff's Motion to Amend Complaint, Striking Plaintiff's Exhibits, and Denying Defendant's Motion to Dismiss and Stay Discovery, Plaintiff's Motions to Strike, and Plaintiff's Motions to Seal as Moot**

[ECF Nos. 11, 13, 15, 16, 17, 18, 22]

    Valerie McDonald sues Navy Federal Financial Group, LLC and Experian Information Solutions, Inc. for alleged violations of the Fair Credit Reporting Act. Navy Federal moves to dismiss under res judicata principles and because McDonald's complaint fails to state a claim. McDonald moves to strike the motion to dismiss and Experian's affirmative defenses. She also moves to amend her complaint to add claims against Experian. Finally, McDonald moves to seal exhibits that she believes must be considered in this lawsuit.

    Because McDonald may amend her complaint once as a matter of course, I grant her motion for leave to do so. And because McDonald's amended complaint supersedes her original one to which Navy Federal's motion to dismiss was aimed, I deny that motion as moot. I also deny as moot McDonald's motions to strike Navy Federal's motion to dismiss and Experian's answer because both responsive pleadings are no longer the operative ones. The defendants must file responsive pleadings to McDonald's amended complaint by December 31, 2025. And I strike McDonald's exhibits, filed on the docket at ECF Nos. 14 and 19, because they are not related to any pleading or motion, and I deny as moot McDonald's motion to seal those exhibits.

**Discussion**

**A.    McDonald may file an amended complaint.**

McDonald moves to amend her complaint to add allegations that Experian breached a prior settlement agreement "involving the accounts referenced within the complaint."[1]  Rule 15(a)(1) permits a party to amend her pleading "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ."[2]  McDonald filed her proposed amended complaint, along with a motion for leave to amend, 11 days after Experian filed its answer and 10 days after Navy Federal filed its motion to dismiss.[3]  McDonald did not need to seek leave for this amendment because she is permitted to amend once under Rule 15(a)(1) without leave of court.  So I grant her motion to amend and direct the Clerk of Court to file her proposed amended complaint.[4]

Because McDonald's amended complaint supersedes her original one, I deny as moot Navy Federal's motion to dismiss her first complaint and McDonald's motion to strike Navy Federal's motion.[5]  And I deny Navy Federal's motion to stay discovery pending the court's ruling on its motion to dismiss because that motion has been denied.[6]  I also deny as moot McDonald's motion to strike affirmative defenses in Experian's answer because it must file a

---

[1] ECF No. 17 at 1.

[2] Fed. R. Civ. P. 15(a)(1)(B).

[3] *See* ECF Nos. 10, 11, 17.

[4] Because McDonald was permitted as a matter of course to amend her complaint, I do not consider Navy Federal's arguments concerning whether the court should grant leave under FRCP 15(a)(2).

[5] ECF Nos. 11, 15.

[6] ECF No. 22.

new responsive pleading to McDonald's amended complaint.[7] The defendants must file their responsive pleadings by December 31, 2025.

**B.    The court strikes McDonald's sealed exhibits because they were needlessly filed in this action.**

McDonald filed two sets of exhibits related to a settlement agreement with Experian and asks this court to seal them.[8] She states that the exhibits are "to be considered a part of this current lawsuit and are necessary to prove" that Experian breached the agreement.[9] But McDonald may not file exhibits on the docket without having them relate to a pending motion or pleading. At this stage in the proceedings, evidence should be exchanged between the parties, not filed on the public docket. If McDonald wishes to attach exhibits to her complaint, she must do so when that complaint is filed and clearly indicate that the exhibits support her complaint—as she did with several unsealed exhibits to her amended complaint. But McDonald is advised that she need not attach all of her evidence to her complaint for it to be considered at the dispositive-motion or trial stages of this lawsuit. So I strike her errant exhibits and deny as moot her motions to seal them.

**Conclusion**

IT IS THEREFORE ORDERED that Valerie McDonald's motion for leave to amend her complaint **[ECF No. 17] is GRANTED**. The Clerk of Court is directed to **DETACH pages 3–117 from ECF No. 17** and **FILE them as the plaintiff's First Amended Complaint**.

---

[7] ECF No. 16.

[8] ECF Nos. 13, 14, 18, 19.

[9] ECF No. 13 at 1 (cleaned up). McDonald's second motion to seal contains identical language. ECF No. 18 at 1.

3

IT IS FURTHER ORDERED that Navy Federal Credit Union's motion to dismiss McDonald's original complaint, Navy Federal's motion to stay discovery, and McDonald's motions to strike the motion to dismiss and Experian's answer **[ECF Nos. 11, 15, 16, 22] are DENIED as moot.  The defendants must file responsive pleadings to McDonald's amended complaint by Wednesday, December 31, 2025**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **STRIKE ECF Nos. 14 and 19** from the docket.  McDonald's motions to seal **[ECF Nos. 13, 18] are DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
December 11, 2025

4