**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Valerie McDonald,

              Plaintiff(s),

vs.

Navy Federal Credit Union, et al.,

              Defendant(s).

2:25-cv-01192-JAD-MDC

**ORDER**

Defendant Experian filed a *Motion to Extend Time* (ECF No. 34) and pro se plaintiff McDonald filed a *Motion to Strike* (ECF No. 36). The Court **GRANTS** the Motion to Extend Time *nunc pro tunc* and **GRANTS** the Motion to Strike. The defendants have leave to amend their affirmative defenses.

**I.     MOTION TO EXTEND TIME**

  **A.  Legal Standard**

Rule 6(b)(1), Federal Rules of Civil Procedure, states: "the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." *Id. See also LR IA 6-1(a)*("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.")  Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). The excusable neglect doctrine exists to prevent a victory by default. *Newgen, LLC. v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (observing that it is "the general rule that default judgments are ordinarily disfavored).

//

**B. Analysis**

The response to the complaint was due on December 31, 2025, but the defendant did not move for an extension of time until January 6, 2026. *See ECF Nos. 30 and 34*. Defendant argues that good cause exists (rather than excusable neglect) to extend the deadline to respond until January 9, 2026, due to the holidays and unavailability of both the client and counsel during this period. *ECF No. 34 at 2*. The defendant filed its answer on January 9, 2026. *ECF No. 35*.

Plaintiff filed a combined[1] opposition and a Motion to Strike the defendant's answer. *ECF No. 36*. Plaintiff argues in her opposition that counsel Inku Nam is acting without authority in this case because defendant is represented by counsel in Virginia. *Id*. But large corporations that do business nationwide often have lawyers from various jurisdictions assisting on matter. Thus, Mr. Nam's role is commonplace and proper. As Defendant argues in its response, Mr. Nam was retained to represent Experian in this matter and that John Komisin is national counsel assigned to this case but has not entered an appearance. See *Waite v. Clark County Collection Service*, LLC, 606 Fed. Appx. 864, 866 (9th Cir. 2015) ("An attorney who does not physically appear in court, sign pleadings, or serve as the exclusive contact with the client or opposing counsel has not appeared.").

As to the timing of defendant's Motion to Extend Time, the Court cautions the defendant that it must follow the rules and appropriate standards, as it makes no mention of the excusable neglect standard in its Motion to Extend Time per FRCP 6 or LR IA 6-1(a). Since Courts prefer to resolve issues on the merits, however, and the defendant has already filed its answer, the Court grants defendant's Motion to Extend Time pursuant to its inherent authority to control the docket. *Ferdik v.*

---

[1] In the future, when plaintiff seeks multiple types of relief, she must follow Local Rule IC 2-2(b), which states that "For each type of relief requested or purpose of the document, a separate document must be filed, and a separate event must be selected for that document. Examples: (i) separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document; (ii) separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document."

*Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992)("District courts enjoy the inherent authority to manage the cases on their docket.").

## II.    MOTION TO STRIKE

### A.  Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (simplified), overruled on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "An affirmative defense is one that precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc*., 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016); As a matter of pleading, an affirmative defense is insufficient where it does not give the opposing party fair notice of the affirmative defense. *Kohler v. Flava Enters*., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in general terms." *Id*, see *SEC v. Markman Biologics Corp*., No. 2:23-cv-00288-APG-DJA, 2024 U.S. Dist. LEXIS 43111, at *3, footnote 3 (D. Nev. Mar. 11, 2024)(collecting cases regarding the split of authority within the Ninth Circuit post-Kohler and noting that "[t]his district has ruled that the *Iqbal* pleading standard does not apply to affirmative defenses . . . because Rule 8(c) does not require a 'showing,' as does Rule 8(a).").

### B.  Analysis

The Court already rejected plaintiff's arguments that counsel is not authorized to represent the defendant, so the Court will not strike the answer based on these arguments. Plaintiff specifically argues that defendant's affirmative defenses of "waiver"; "res judicata"; "unclean hands"; and "statute of limitations" are vague and legally deficient. *ECF No. 36 at 2*. Plaintiff specifically argues that all

the affirmative defenses fail to meet the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), but this district has rejected that view and requires describing the defense in general terms. See *Markman Biologics Corp*., No. 2:23-cv-00288-APG-DJA, 2024 U.S. Dist. LEXIS 43111 at *3, footnote 3.

Defendant, however, fails to address this matter directly and specifically fails to address and respond to plaintiff's challenged affirmative defenses. Defendant simply offers a conclusory assumption that defendant "tacitly admits" she is on fair notice.  But that is not enough.  *See e.g., id.* (defendant specifically addressed the challenged affirmative defenses).  In other words, defendant failed to show its affirmative defenses at issue are sufficiently stated and give fair notice. "Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd*., No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at *4 (D. Nev. Feb. 11, 2015) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996)). Accordingly, the Court grants plaintiff's Motion to Strike but with leave for defendant to amend its affirmative defenses.

//

4

**IT IS ORDERED that:**

1.  Defendant's *Motion to Extend Time* (ECF No. 34) *nunc pro tunc*.

2.  Plaintiff McDonald's *Motion to Strike* (ECF No. 36) is **GRANTED.**

3.  Affirmative defenses 1, 2, 6, and 7 are **STRUCK** but with leave to amend.

4.  The affirmative defenses that **REMAIN** are 3, 4, 5, 8, and 9.

5.  Defendant Experian has leave to file an amended answer by **March 27, 2026**.

DATED:    March 13, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, parties must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in sanctions.**